J-S12022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FAUSTO GUZMAN | : | |
| | : | |
| Appellant | : | No. 1110 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 13, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003548-2021

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED: JUNE 5, 2023**

Fausto Guzman (Appellant) appeals from the judgment of sentence imposed in the Berks County Court of Common Pleas following his negotiated guilty plea to one count each of aggravated assault and flight to avoid apprehension.[1]  Contemporaneous with this appeal, Appellant's counsel, Emily Washburn, Esquire, has filed a petition to withdraw from representation and an **Anders** brief.   **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  The **Anders** brief presents two claims, challenging the voluntariness of Appellant's plea and discretionary aspects of his sentence.  For the reasons below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 2702(a)(1), 5126(a).

We discern the relevant facts underlying Appellant's arrest from the affidavit of probable cause. Just before 2:00 p.m. on August 18, 2021, Reading police were dispatched to a shooting near the campus of Reading Area Community College. *See* Affidavit of Probable Cause, 10/25/21, at 1 (unpaginated). The victim sustained four gunshot wounds but survived. *See id.* The incident was observed by an eyewitness and captured on surveillance video. *See id.* The victim was the driver of a van, that was stopped in the right lane. *Id.* When a small sedan pulled up next to the van, the victim exited the van and approached the driver of the sedan, later identified as Appellant. Appellant opened his car door, and the victim "motion[ed] to [him] with his hand[,]" before taking a step closer. *Id.* At that time, Appellant shot at the victim, and then fled the scene. *Id.* It was later determined that Appellant was the owner of the sedan, and had a valid permit to carry a concealed firearm. *Id.* at 2. He was apprehended in New York, after purchasing a one-way ticket to the Dominican Republic. *Id. See also* N.T., 7/13/22, at 12.

Appellant was subsequently charged with attempted murder, aggravated assault (two counts), flight to avoid apprehension, possessing an instrument of crime, recklessly endangering another person, and simple assault (two counts).[2] On July 13, 2022, represented by privately retained

---

[2] *See* 18 Pa.C.S. §§ 901/2502, 2702(a)(4), 907(b), 2705, and 2701(a)(1), (a)(2), respectively.

counsel, Allan Sodomsky, Esquire, Appellant entered a negotiated guilty plea[3] to one count each of aggravated assault and flight to avoid prosecution, in exchange for an aggregate sentence of 4½ to 10 years' imprisonment.[4]  **See** N.T. at 13; Statement Accompanying Appellant's Request to Enter a Guilty Plea, 7/13/22, at 1.

Appellant filed a *pro se* notice of appeal on August 5, 2022, and, on August 11th the trial court directed him to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.  On August 19, 2022, Attorney Sodomsky filed a motion to withdraw as counsel, noting his fee agreement with Appellant did not include the filing of an appeal.  **See** Motion to Withdraw as Counsel, 8/19/22, at 1 (unpaginated).  The court granted counsel's petition to withdraw on August 25th.  **See** Order, 8/25/22.

On September 8, 2022, this Court issued a *per curiam* order, directing the trial court to conduct a **Grazier**[5] hearing to ascertain if Appellant wished to proceed with counsel or *pro se*.  **See** Order, 9/8/22.  The trial court complied, and determined Appellant wished to be represented by counsel. **See** Letter from Trial Court to Superior Court Deputy Prothonotary, 10/6/22.

_____

[3] The trial court provided Appellant with a Spanish interpreter during the plea and sentencing hearing.  **See** N.T. at 2.

[4] The court imposed a sentence of 4 ½ to 10 years' imprisonment on the count of aggravated assault, and a concurrent term of 9 to 24 months' imprisonment on the charge of flight to avoid prosecution.  **See** N.T. at 13.  In addition, the Commonwealth dismissed the remaining charges.

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Thereafter, on October 31, 2022, Berks County Assistant Public Defender Attorney Washburn entered her appearance and requested permission to file a Pa.R.A.P. 1925(b) concise statement *nunc pro tunc*, which the trial court granted. **See** Motion to File Concise Statement of Errors Complained of on Appeal *Nunc Pro Tunc*, 11/3/22, at 2 (unpaginated); Order, 11/10/22. In lieu of a concise statement, on November 22nd, Attorney Washburn filed a statement indicating her intent to file an **Anders** brief. **See** Statement of Intent to File and **Anders**/**McClendon** Brief, 11/22/22.

When, as here, counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal

> must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to **Santiago**, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting Santiago*, 978 A.2d at 361.

In the present case, the brief and petition to withdraw filed by Attorney Washburn comply with the requirements of *Anders* and *Santiago*. *See Cartrette*, 83 A.3d at 1032. Moreover, Attorney Washburn has provided this Court with a copy of the letter she sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se*, and to raise any additional points for this Court's attention. *See* Attorney Washburn's letter to Appellant, 2/2/23.[6] Appellant has not filed a response. Therefore, we proceed to examine the issues identified in the *Anders* brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous[.]" *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (quotation omitted). If we agree with counsel's assessment, "[we] may grant counsel's request to withdraw and dismiss the appeal[.]" *Id.* (citation omitted).

The *Anders* brief identifies two claims for our review:

1) Whether Appellant can support the standard of manifest injustice required to withdraw his negotiated guilty plea[?]

2) Whether Appellant, having entered into a negotiated guilty plea, can challenge the discretionary aspects of his sentence[?]

*Anders* Brief at 5.

_____

[6] The letter was provided in both English and Spanish.

Appellant's challenge to the voluntariness of his guilty plea fails for two reasons. First, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013) (citation omitted). Appellant did not file a post-sentence motion, nor did he object to the entry of or the voluntariness of his plea at the plea hearing. *See generally* N.T. at 2-15. Accordingly, he has waived this issue for appellate review. *See Lincoln*, 72 A.3d at 611.

Second, even if the claim were not waived, we would conclude that Appellant is entitled to no relief.

> [A] request to withdraw a guilty plea after sentencing is subject to higher scrutiny [than a pre-sentence request] since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019) (citations & quotation marks omitted). Moreover, we presume "a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Hart*, 174 A.3d 660, 665 (Pa. Super. 2017) (citation omitted).

In the present case, Appellant completed both a written and oral plea colloquy, which demonstrated his understanding of the proceedings, and the

voluntariness of his decision to enter a guilty plea.[7]  **See** Statement Accompanying Appellant's Request to Enter a Guilty Plea at 1-4; N.T. at 2-11. Moreover, during the plea hearing, Appellant affirmed that he understood the following:  (1) he was charged with aggravated assault and flight to avoid apprehension; (2) he was presumed innocent until proven guilty beyond a reasonable doubt; (3) he had the right to a jury trial; (4) he had the right to file pretrial motions, that he was giving up by pleading guilty; (5) his right to challenge his plea and sentence would be limited; (6) he was satisfied with the representation of his attorney; (7) the trial court was not bound to impose the negotiated sentence; (8) the maximum sentences he could receive were 20 years' incarceration for aggravated assault and 7 years for flight; and (9) no one forced him to plead guilty.  **See** N.T. at 2-10.  **See also** Pa.R.Crim.P. 590, Comment.  Although Appellant appeared not to fully comprehend a few of the questions, either the trial court or defense counsel took the time to explain the questions to him in more detail.  **See** N.T. at 4-7, 10-11.  Further, Appellant admitted to the following facts underlying his plea:

> [O]n or about August 18 of 2021, . . . near the Reading Area Community College . . . [he] did shoot the victim with a firearm and . . .  cause bodily injury to him . . . in circumstances manifesting an indifference to the value of human life.  And that afterwards, [he] did travel outside the Commonwealth with the intent to avoid apprehension and punishment in this case. . . .

---

[7] We emphasize that the written colloquy is signed by a Spanish interpreter who attested that they interpreted the question contained therein from English to Spanish, and that the answers in the colloquy were Appellant's.  **See** Statement Accompanying Appellant's Request to Enter a Guilty Plea at 4.

*Id.* at 8. Thus, the certified record demonstrates Appellant's plea was entered knowingly and voluntarily.

The second issue identified in the **Anders** brief challenges the discretionary aspects of Appellant's sentence. It is well established that such a challenge does not entitle an appellant to "review as of right." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation omitted).

Here, because Appellant did not file a post-sentence motion challenging the discretionary aspects of his sentence or preserve any claim at the sentencing hearing, he has failed to properly invoke this Court's jurisdiction, and is entitled to no relief. **See Caldwell**, 117 A.3d at 768. Moreover, the sentence imposed was a negotiated term of Appellant's plea agreement, and is, therefore, not subject to discretionary review. This Court has observed:

> [When] the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that

sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process[.]

***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017). Accordingly, the second issue presented in the ***Anders*** brief is also meritless.[8]

Consequently, we agree with Attorney Washburn's determination that the two issues presented in the ***Anders*** brief are meritless, and our independent review of the record revealed no non-frivolous issues to be raised on appeal. ***See Yorgey***, 188 A.3d at 1196. Therefore, we affirm the judgment of sentence and grant Attorney Washburn's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/05/2023

---

[8] We note, too, that the negotiated sentences imposed fell within the standard range of the sentencing guidelines. ***See*** N.T. at 10.